UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

    Plaintiff,

v.                                                 CASE NO: 6:17-cr-10-Orl-41TBS

MICHAEL A. EMANUELLI, JR.

    Defendant.
_____

## ORDER

This case comes before the Court without oral argument on Defendant Michael A. Emanuelli, Jr.'s Motion to Seal (Doc. 31). Defendant submitted to a neuropsychological evaluation performed by Dr. Jason A. Demery (Id., at 1). Now, Defendant seeks leave to file the evaluation under seal, for consideration by the Court at the time of sentencing (Id., at 2). Defendant represents that the evaluation contains sensitive medical information including a psychological diagnosis (Id. at 1-2). The Government does not oppose the motion (Id., at 3).

A party seeking to file information under seal in this district must first comply with Local Rule 1.09. The rule requires the moving party to file a motion which identifies and describes each item proposed for sealing. Id. The motion must include: (1) the reason that filing each item is necessary; (2) the reason that sealing each item is necessary; (3) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (4) the proposed duration of the seal; and (5) a memorandum of legal authority supporting the seal. Id. Defendant's motion satisfies these requirements.

The analysis of a motion to seal begins with the recognition that "'[t]he operations

of the court and the judicial conduct of judges are matters of utmost public concern,' and the integrity of the judiciary is maintained by the public's right of access to court proceedings." Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007) (citing Landmark Commc'ns, Inc. v. Virginia, 435 U.S. 829, 839 (1978)). This right "includes the right to inspect and copy public records and documents." Chicago Tribune Co. v. Bridgestone/Firestone, 263 F.3d 1304, 1311 (11th Cir. 2001).

"The common law right of access may be overcome by a showing of good cause, which requires 'balancing the asserted right of access against the other party's interest in keeping the information confidential.'" Romero, 480 F.3d at 1246 (quoting Chicago Tribune, 263 F.3d at 1313). In balancing these interests "courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." Id.

Good cause is established by showing that disclosure will cause "a clearly defined and serious injury." Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994). See also Kamakana v. City and County of Honlulu, 447 F.3d 1172, 1181 (9th Cir. 2006) (party seeking to seal dispositive motion papers "must 'articulate[] compelling reasons supported by specific factual findings.'" (quoting Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003) (alterations in original)). The Eleventh Circuit has recognized that "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." Romero, 480 F.3d at 1246.

Court's in this circuit have recognized a party's privacy interest in their medical records and have permitted same to be filed under seal. <u>Varnadore v. Merritt</u>, No. CV 217-13, 2017 WL 1450816, at *1 (S.D. Ga. April 19, 2017); <u>United States v. McDonald</u>, No. 10-00273-KD-B, 2016 WL 4923511, at *1 (S.D. Ala. Sept. 14, 2016); <u>United States v. Deruiter</u>, No. 2:14-c4-46-FtM-38MRM, 2016 WL 825532, at *1 (M.D. Fla. Mar. 3, 2016); <u>United States v. Wilborn</u>, No. 6:13-cr-253-Orl-37GJK, 2015 WL 1268256, at *6 (M.D. Fla. Mar. 19, 2015).

After conducting the balancing test, the Court finds that Defendant's interest in the confidentiality of the neuropsychological evaluation outweighs the public's right of access. Sealing the information will protect Defendant's legitimate interest in the privacy of his own medical records. Sealing will not impair the functioning of the Court; the information is not related to "public officials or public concerns;" and there is no "less onerous" alternative to sealing that will insure that the information remains confidential while allowing the Court to consider it at the time of sentencing. <u>Romero</u>, 480 F.3d at 1246. Accordingly, the motion is **GRANTED**. The Clerk shall maintain Dr. Jason A. Demery's neuropsychological evaluation of Defendant **UNDER SEAL** until further order of Court.

**DONE** and **ORDERED** in Orlando, Florida on June 8, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Michael A. Emanuelli, Jr.